OPINION *Page 2 
{¶ 1} Defendant-appellant Kevin Dale Smith appeals his conviction in the Stark County Court of Common Pleas on one count of operating a vehicle under the influence of alcohol, with a repeat offender specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The evidence presented at trial demonstrated: On June 13, 2006, Appellant lost control while operating his motorcycle. Both Appellant and his passenger were thrown from the motorcycle. Upon arrival at the scene, the responding police officers noticed Appellant's red, glassy, bloodshot eyes. Upon inquiry, Appellant admitted to consuming "a couple of beers." The police officers further noted Appellant's slurred speech, and an odor of alcohol on Appellant. Appellant was stumbling around and trying to right his motorcycle, and did not seem to be helping his passenger.
 {¶ 3} The officers requested Appellant perform field sobriety tests, which he refused. Appellant also refused to submit to a breath test. Appellant became argumentative with the officers investigating the accident. Appellant had five prior convictions for OMVI, while under the influence of alcohol and/or drugs.
 {¶ 4} On August 14, 2006, the Stark County Grand Jury indicted Appellant on one count of operating a vehicle under the influence of alcohol, with a repeat offender specification, a felony of the fourth degree. The matter proceeded to a jury trial, and the jury found Appellant guilty of the charge. The trial court sentenced Appellant to a term of imprisonment, suspending his license and imposing a fine.
 {¶ 5} Appellant now appeals, assigning as error: *Page 3 
 {¶ 6} "I. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 7} In his sole assignment of error, Appellant argues his conviction was against the manifest weight and sufficiency of the evidence. Specifically, Appellant argues his fall from the motorcycle accounted for all of the symptoms noted by the responding police officers, except the odor of alcohol. Appellant concludes the cause of the accident was a deep hole in the pavement of the intersection, and there was no conclusive evidence of alcohol impairment which caused the accident.
 {¶ 8} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment *Page 4 
must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 11} Appellant was charged with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), which reads:
 {¶ 12} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 13} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 14} Upon review, Appellant's conviction was not against the manifest weight and sufficiency of the evidence. As set forth in the statement of facts supra, the responding police officers testified Appellant admitted to consuming a couple of beers. He had a strong odor of alcohol on his person, as well as glassy, bloodshot eyes, slurred speech, and difficulty walking without stumbling. The officers testified Appellant became agitated and argumentative when questioned, and refused to take any field sobriety test or breath test. The evidence was both sufficient to support the jury's verdict and Appellant's conviction is supported by competent, credible evidence. *Page 5 
 {¶ 15} Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
 By: Hoffman, J., Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1